FIRST HORIZON CORPORATION

                  Plaintiff                     Civil Action No. 26-cv-00182-BAJ-EWD

versus                               District Judge Brian A. Jackson

                                  Magistrate Judge Erin Wilder-Doomes

KARL HOEFER and DMMS HOLDINGS, LLC

                  Defendants.

## PLAINTIFF FIRST HORIZON CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY AND MOTION FOR EXPEDITED CONSIDERATION

Plaintiff First Horizon Corporation ("Plaintiff" or "First Horizon") hereby files this memorandum in support of its Motion for Expedited Discovery and Motion for Expedited Consideration, pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure, seeking to immediately engage in discovery for the purpose of preparing for the hearing on First Horizon's Application for Preliminary Injunction (R. Doc. 9).

### I.      Summary of Allegations from the Complaint

On February 20, 2026, First Horizon filed a Complaint and Application for Preliminary Injunction (R. Doc. 1) asserting claims against Defendants, Karl Hoefer ("Hoefer") and DMMS Holdings, LLC ("DMMS") for breach of contract, tortious interference with contract under Tennessee common law and statutory law, violation of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, et seq., and civil conspiracy.

On March 12, 2026, First Horizon filed an Application for Preliminary Injunction (R. Doc. 9), seeking to enjoin and restrain Hoefer from soliciting, hiring and/or encouraging First Horizon employees to leave their employment, as well as to restrain DMMS from doing so in concert with Hoefer.

First Horizon Corporation is a financial services company and provides services through its banking subsidiary First Horizon Bank. In July 2020, First Horizon purchased IBERIABANK, resulting in the merger of IBERIABANK's assets, employees, and officers into First Horizon.

From June of 2019, through his resignation on December 30, 2025, Hoefer held the position of Executive Vice President and Regional President for Louisiana and Texas, starting in such position with IBERIABANK and continuing with First Horizon after the merger. While employed by First Horizon, Hoefer accepted several compensation awards prohibiting him, for a Restriction Period of two (2) years following the vesting date of each award, from recruiting and encouraging employees of First Horizon or its affiliates to leave First Horizon, which restriction periods are still in effect. After resigning, Hoefer joined DMMS, a company started by other former IBERIABANK executives, Daryl G. Byrd ("Byrd"), Mark W. Tipton ("Tipton") and Michael J. Brown ("Brown"). DMMS was formed with the intent to acquire MC Bancshares, Inc. and its wholly owned subsidiary M C Bank & Trust Company ("M C Bank"), and to compete with First Horizon across south Louisiana, Texas and Atlanta, Georgia.

Since January 1, 2026, and in the weeks leading up to Mardi Gras, Hoefer and DMMS's principals have been actively targeting dozens of bankers and other employees of First Horizon, focusing almost exclusively on former IBERIABANK employees who worked for Hoefer before the merger. As the primary recruiter, Hoefer leverages his relationships with First Horizon employees, having successfully recruited away several First Horizon employees, who are all former IBERIABANK employees who reported to Hoefer.

DMMS and Hoefer have unlawfully engaged in a scheme to circumvent Hoefer's employee non-solicitation obligations, which obligation is for Hoefer to refrain from directly or indirectly soliciting, hiring, or encouraging First Horizon employees to leave their employ. Hoefer and

2

DMMS's desire, and result of their scheme, have been to quickly drain a significant amount of talent from and cause damage to First Horizon. The scheme concocted by DMMS and Hoefer is to have DMMS principals, like Tipton and Byrd who are not subject to any restrictive covenants, make initial contact with a target First Horizon employee and then quickly refer such employee to Hoefer, who thereafter serves as the lead recruiter and often the sole point of contact in the recruiting process. Upon information and belief – and part of what First Horizon needs to determine in support of its request for preliminary injunction – Hoefer's terms and conditions of employment with DMMS include an indemnification provision whereby DMMS promises to make Hoefer whole should he be held liable for engaging in misconduct in recruiting First Horizon's employees. If First Horizon is right about the indemnification, such provision would demonstrate Defendants' conscious and knowing disregard for and bad faith breach of Hoefer's legal and contractual obligations to First Horizon.

Moreover, First Horizon's investigation into the matter has revealed that Hoefer and DMMS intend on employing the same tactic in circumventing customer non-solicitation covenants currently binding Hoefer and several of the two dozen, now-departed First Horizon employees. First Horizon needs expedited discovery to determine whether DMMS has likewise agreed to indemnify those departed employees for breach of their employee or customer non-solicitation obligations. Regardless, Hoefer's and DMMS's transparent attempt to circumvent binding customer and employee non-solicitation obligations demonstrates conscious and purposeful deceit on their part and is an unethical business practice.

The sudden and significant drain of talent suffered by First Horizon because of Hoefer's unlawful and unethical raid has already caused, and will continue to cause, First Horizon substantial loss and damage. Hoefer and DMMS have unsuccessfully attempted to recruit a number

3

of additional First Horizon employees, despite offering substantial signing bonuses and other incentives to persuade the employees to join DMMS. However, First Horizon anticipates Hoefer and DMMS's raid will continue, as well as expand, after First Horizon employees receive their bonuses and incentives earned from the prior year, many of which payouts will occur in March of 2026. In essence, once bonuses are paid out, Hoefer's previously unsuccessful attempts may yet prove successful, and his unlawful raid will continue unabated unless Defendants' efforts are halted. To understand the full scope of Hoefer's and DMMS's scheme, and to develop a factual record needed in support of its application for preliminary injunction, First Horizon needs to engage in discovery on an expedited basis.

## II.     LAW AND ARGUMENT

Rules 26(d), 30 and 34 of the Federal Rules of Civil Procedure limit the parties' ability to engage in discovery at this time and provide the standard periods by which a party must respond to discovery requests. In connection with First Horizon's request under Rule 65 for injunctive relief, First Horizon anticipates needing information from Hoefer and DMMS; however, due to the limitations provided by Rules 26(d), 30 and 34, First Horizon will not have such information in time for a hearing on its application for preliminary injunction.

### A. Expedited discovery is permitted for the preparation of a hearing on an application for preliminary injunction.

District courts have "wide discretion" to control the "scope and pace of discovery," and that discretion extends to managing the timing of discovery. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Parties may seek expedited discovery through court order. FED. R. CIV. P. 26 (providing that a party may seek discovery before the Rule 26(f) conference if "authorized by...court order"); *see also* FED. R. CIV. P. 34(b)(2)(A) (providing that shorter response times to discovery requests "may be ordered by the court"). Although the Federal Rules do not provide a

4

standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either (1) a preliminary-injunction-style analysis, or (2) a good cause standard. *Elargo Holdings, LLC v. Doe*, 318 F.R.D. 58, 61 (M.D. La. 2016)(citing *BKGTH Prods., LLC v. Does 1-20*, 2013 WL 5507297, at *4-5 (E.D. La. Sept. 30, 2013).

"Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit, including this Court in this case, have expressly utilized the "good cause" standard when addressing the issue." *Id.* The good cause analysis takes into consideration such factors as (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id.*; *H&E Equip. Servs. v. Harley*, 2022 U.S. Dist. LEXIS 80055, at *7 (M.D. La. May 3, 2022); *Mode Glob., LLC v. Kuriger*, 350 F.R.D. 271, 274 (N.D. Tex. 2025).

"[G]ood cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party.'" *Elargo Holdings, LLC v. Doe*, 318 F.R.D. 58, 61 (M.D. La. 2016)(citing *BKGTH Prods., LLC v. Does 1-20*, 2013 WL 5507297, at *4-5 (E.D. La. Sept. 30, 2013). The party seeking expedited discovery has the burden of establishing good cause and the scope of the requests must be narrowly tailored to the necessary information they seek. *Id.*

**B. Good cause exists for mutual expedited discovery requests.**

Here, First Horizon seeks limited, mutual expedited discovery to support the allegations raised in its Application for Preliminary Injunction and to assess the full scope of Defendants' unlawful activity to request the most appropriate relief from the Court.

First, the Complaint requests injunctive relief, and concurrently herewith First Horizon has filed an application for preliminary injunction. The first factor therefore weighs in favor of expedited discovery.

The second and third factors also favor expedited discovery, as the purpose of requesting expedited discovery is to help all parties prepare for and develop the factual record for the hearing on First Horizon's Application for Preliminary Injunction. Courts routinely allow expedited discovery at the preliminary injunction stage to develop a factual record that will aid the parties in briefing the preliminary injunction motion. *See H&E Equip. Servs. v. Harley*, 2022 U.S. Dist. LEXIS 80055, at *9 (M.D. La. May 3, 2022)(finding good cause "to allow H&E to conduct some limited discovery on an expedited basis in preparation for the hearing on H&E's motion for preliminary injunction"); *see also Miner, Ltd. v. Anguiano*, No. 3:19-cv-82, 2019 WL 9633302, at *2 (W.D. Tex. Mar. 20, 2019) (finding good cause existed for expedited discovery to "permit the parties to collect evidence that may be presented at the hearing on the motion for preliminary injunction").

Fourth, the burden is minimal and mutual on both parties. It is indisputable that:

- Hoefer and DMMS are engaged to take over MC Bank and compete with First Horizon;

- To staff their bank, Hoefer and DMMS have schemed to evade Hoefer's employee non-solicitation obligations to First Horizon, and in doing so they have successfully solicited and actively encouraged dozens of high-level and talented employees of First Horizon to resign their employment;

- Hoefer and DMMS's scheme and rapid raid of employees demonstrate an intention to substantially injure First Horizon's competitive position.

First Horizon has, through its own pre-suit efforts, discovered the above facts and those in the Complaint. *See* R. Doc. 1. The entire scope of Defendants' unlawful and unethical acts cannot be assessed without formal discovery. The proposed expedited discovery is necessary and appropriate to understand the scope of Defendants' actions, scheme and intentions, so that the requested injunctive relief can be appropriately tailored and the hearing on the Application be efficient. Furthermore, Defendants' recently-filed Rule 12(b)(6) Motion to Dismiss (R. Doc. 7) will not dispose of the case. First Horizon will establish in an upcoming opposition that the Defendants' motion should be denied in its entirety. In advance thereof, and to assist with this motion, First Horizon notes that Defendants' motion to dismiss does not cover all of First Horizon's claims. Notably, with respect to First Horizon's claim for bad faith breach of contract, Defendants have sought only to dismiss the bad faith component of the claim but not the underlying breach of contract claim (*see* R. Doc. 7-1, pp. 4, 7-9). Ergo, while First Horizon maintains this Court should deny Defendants' motion to dismiss in its entirety, regardless of the outcome of the motion, this lawsuit will continue forward past the pleading stage, such that permitting discovery will not be burdensome on Defendants. The fourth factor therefore weighs in favor of expedited discovery.

## C. Request for Expedited Consideration

Plaintiff requests that the Court expedite consideration of this Motion for Expedited Discovery. Absent expedited consideration, Defendants will not be required to respond until late March of 2026, allowing Hoefer to continue his solicitation of First Horizon employees, unabated through at least April of 2026. Considering the significant drain of talent already suffered by First Horizon because of Hoefer's unlawful and unethical raid, and the increasing risk of Hoefer and DMMS employing their scheme to solicit First Horizon customer accounts, expedited

consideration is warranted so that First Horizon can adequately support its upcoming Application for Preliminary Injunction.

### D. Conclusion and Prayer

For all these reasons, First Horizon respectfully requests expedited consideration of this motion and requests the Court enter an order permitting the parties to engage in discovery for the purposes of preparing for First Horizon's Application for Preliminary Injunction.

*/s/ Andrew J. Halverson*
Andrew J. Halverson, LA Bar No. 31184
Michael C. Ledet, LA Bar No. 40430
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
325 Settlers Trace Blvd., Suite 201
Lafayette, LA 70508
Telephone: (337) 769-6582
Facsimile: (337) 989-0441
Email: andrew.halverson@ogletreedeakins.com
michael.ledet@ogletreedeakins.com

***Attorneys for Plaintiff First Horizon Corporation***

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the above and foregoing document has this date been served to all known counsel of record in this proceeding by:

(   )     Hand Delivery             (   )     Prepaid U.S. Mail

(   )     Facsimile                 (   )     Federal Express

(   )     E-Mail                     (  X  )     CM/ECF System

Lafayette, Louisiana, this 12th day of March, 2026.

*/s/ Andrew J. Halverson*
Andrew J. Halverson

9