UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FIRST HORIZON CORPORATION | CIVIL ACTION NO. 3:26-cv-00182 |
| VERSUS | JUDGE BRIAN A. JACKSON |
| KARL HOEFER and DMMS HOLDINGS, LLC | MAGISTRATE JUDGE ERIN WILDER–DOOMES |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS FOR EXPEDITED DISCOVERY AND FOR EXPEDITED CONSIDERATION

Defendants, Karl Hoefer and DMMS Holdings, LLC, urge the Court to deny the motions of plaintiff, First Horizon Corporation, for expedited discovery and for expedited consideration of the motion. Doc. 10. First Horizon has not shown good cause to take expedited—yet unidentified—discovery in aid of a doomed motion for a preliminary injunction that is (1) tied to a complaint subject to Rule 12(b)(6) dismissal *in toto* and (2) unbacked by any evidence—not even a declaration of a First Horizon principal—substantiating First Horizon's bare assertions of harm.

### INTRODUCTION

This case is about First Horizon's efforts to punish former employee Karl Hoefer for taking a new job with alleged competitor DMMS. Trying to transform mere conditional stock-forfeiture clauses into independently enforceable non-solicitation agreements, First Horizon sued Hoefer and DMMS on bad-faith breach-of-contract and Louisiana Unfair Trade Practices Act claims that fail in full for the reasons given in the pending motion to dismiss. *See* Docs. 7 & 7-1. In no rush, First Horizon did not ask the Court for a temporary restraining order; it waited 20 days before moving for a preliminary injunction and for expedited discovery. But the scope and nature of the proposed expedited discovery remain unknown. No discovery has been served, and none is attached to First Horizon's motion. What First Horizon envisions is anyone's guess.

But even if First Horizon had identified the discovery it wants, it could not show the good cause that is required to get it. First Horizon's preliminary-injunction motion fails as a matter of law, and no amount of discovery can change that. First Horizon's claims stem from stock-forfeiture clauses in stock grants that First Horizon gave Hoefer ("Grant Notices"). *See* Docs. 1-1, 1-2, 1-3, 1-4, & 1-5. And First Horizon's claims are premised on those Grant Notices creating an independently enforceable non-solicitation agreement. But they do no such thing. The Grant Notices resemble a standard forfeiture-for-competition clause: They are mere contractual conditions on Hoefer's right to keep stock grants upon leaving First Horizon. If Hoefer fails to fulfill the conditions, First Horizon has an argument to take back the stock. In that way, the Grant Notices build in the remedy for the nonfulfillment. As a matter of law, no noncompliance by Hoefer, even if it occurred, could establish irreparable harm or support injunctive relief.

Expedited discovery would prove unwarranted even if the Court disagrees with Defendants on the nature and legal effect of the Grant Notices. Solely in the alternative, if the Court disagrees with Defendants and concludes that the Grant Notices create an independently enforceable non-solicitation agreement, Hoefer would stipulate that he will not solicit or encourage First Horizon employees to leave First Horizon during the restriction period(s) while reserving his right to pursue an expedited appeal challenging the Court's underlying ruling on the nature and legal effect of the Grant Notices. With that stipulation in hand, First Horizon would have no reason to burden the Court or Defendants with expedited discovery issues or an injunction hearing for that matter.

### LEGAL STANDARD

Expedited discovery "is not the norm." *Alex A. ex rel. Smith v. Edwards*, No. 22-CV-573, 2022 WL 16556796, at *2 (M.D. La. 2022) (Bourgeois, M.J.). It "should be granted only in exceptional instances." *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021). A preliminary-

injunction motion, standing alone, is not grounds for expedited discovery. *See SHI Int'l Corp. v. Clutch Sols., LLC*, No. 4:25-CV-431, 2025 WL 4220413, at *2 (E.D. Tex. Aug. 26, 2025). Instead, to merit expedited discovery, the movant—here, First Horizon—must show "good cause." *Alex A.*, 2022 WL 16556796, at *2 (quotation omitted). And "[t]he 'good cause' analysis requires a court to examine the discovery requests on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* (quotation omitted).

## **ARGUMENT**

**I.    First Horizon fails to establish good cause for expedited discovery given that its complaint is doomed to Rule 12(b)(6) dismissal in its entirety.**

First Horizon cannot carry its burden to show good cause to take expedited—yet still unidentified—discovery because its complaint is due to be dismissed in full under Rule 12(b)(6). As explained in Defendants' pending motion to dismiss, Docs. 7 & 7-1, First Horizon fails to state any plausible claims.[1] And because all of First Horizon's "underlying claims fail," First Horizon's request for injunctive relief "must" be rejected. *See Am. Biocarbon, LLC v. Keating*, No. 20-CV-259, 2020 WL 7264459, at *7 (M.D. La. Dec. 10, 2020) (Jackson, J.). Given that First Horizon's claims fail as a matter of law on the complaint alone, superintending preliminary-injunction proceedings and expedited discovery of a still-unknown nature and scope would prove an unfruitful use of this busy and productive Court's limited resources.[2]

---

[1]    *Contra* First Horizon's characterization, *see* Doc. 10-1 at 7, the motion to dismiss is fully dispositive. Faced with full dismissal, First Horizon now suggests it intended to plead only an ordinary breach-of-contract claim, not a claim for bad-faith breach of contract. *See id.* The complaint tells another story. *See* Doc. 1 at 15 ("Count I: Bad Faith Breach of Non-Solicitation Agreement"). Of course, First Horizon may not amend through a memorandum or a brief. *Cf. Anyanwu v. Louisiana*, No. 18-CV-778, 2019 WL 3325809, at *2 (M.D. La. 2019) (Jackson, J.) (not considering allegations and theories not pleaded in the complaint). First Horizon's apparent wish to walk back its pleaded theory underscores that expedited discovery is inappropriate.

[2]    This Court has been "recognized among the three most productive district courts in the country," but "[i]t is no secret that this District 'labors under a high case load and a heavily congested docket. In fact, [the Middle District] was named the fourth busiest district in the United States based on 'weighted filings.'" *Armstrong v. Biotronik, Inc.*, No. 21-CV-600, 2022 WL 1575974, at *2 n.1 (M.D. La. May 18, 2022) (Jackson, J.) (quoting *White Hat v. Landry*, 475 F. Supp. 3d 532, 555 (M.D. La. 2020) (deGravelles, J.)).

**II.** **First Horizon fails to establish good cause to take expedited discovery that it has not identified or served; its request for what amounts to a blank check should be denied.**

First Horizon cannot carry its burden to show good cause to take expedited discovery for an independent reason: It has not even identified (much less served) the discovery it contemplates.

Expedited discovery should be denied when, as here, the movant has not identified or served the putative discovery. *See, e.g.*, *Alex A.*, 2022 WL 16556796, at *2 (Bourgeois, M.J.) ("The Court will not order an expedited response to discovery that has not even been served."); *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1100 (N.D. Cal. 2012) ("Without a copy of the proposed discovery requests, the Court cannot determine whether the requests are narrowly tailored such that they would not present an undue burden on Defendants at this stage of the proceedings."); *Rebecca Bamberger Works, LLC v. Bamberger*, No. 24-CV-706, 2024 WL 3552190, at *3 (S.D. Cal. June 17, 2024) ("It is difficult, if not impossible, for the Court to assess whether discovery is narrowly tailored in the absence of the proposed discovery requests.").

First Horizon has failed to attach, serve, or even otherwise identify the expedited discovery it seeks. That makes it impossible—for both the Court and Defendants—to fairly evaluate whether the unidentified discovery would be "narrowly tailored." *See Alex A.*, 2022 WL 16556796, at *2 (Bourgeois, M.J.) (discovery seeker has the burden to show its requests are "narrowly tailored").

Besides failing to propose "a set of narrowly-tailored discovery requests," First Horizon has also failed to place meaningful "limitation[s] on the discovery [it] seeks . . . ." *Mullane*, 339 F.R.D. at 664. "This overbreadth alone is a sufficient reason to deny" expedited discovery. *Id.*

Of course, First Horizon may not try to cure these failures by identifying or attaching the contemplated discovery for the first time on reply. Arguments first raised on reply are forfeited; this Court "will not consider" them. *See Oxford House, Inc. v. Browning*, 266 F. Supp. 3d 896, 908 n.20 (M.D. La. 2017) (Jackson, J.). By failing to attach the proposed discovery to its original

motion for expedited discovery, First Horizon will have deprived Defendants of a fair opportunity to respond to its motion and explain why any such proposed discovery is not narrowly tailored.

**III.     Discovery is not needed no matter how the Court construes the Grant Notices.**

No matter how the Court construes the Grant Notices, expedited discovery is not needed. If the Court agrees with Defendants and holds that the Grant Notices are stock-forfeiture provisions creating only conditional obligations, then the preliminary-injunction request would fail as a matter of law, and expedited discovery would not be needed. Solely in the alternative, if the Court disagrees with Defendants and holds that the Grant Notices create an independently enforceable non-solicitation agreement, then Hoefer would stipulate that he will not solicit or encourage First Horizon employees to leave First Horizon during the restriction period(s) while reserving his right to appeal the Court's ruling on the nature and legal effect of the Grant Notices, again making expedited discovery unnecessary.

**A.     The Grant Notices are stock-forfeiture provisions; as a matter of law, they cannot give rise to irreparable harm or otherwise support injunctive relief.**

Stock-forfeiture provisions like those in the Grant Notices are a type of forfeiture-for-competition agreement. Forfeiture-for-competition agreements create "contractual conditions requiring former employees to forfeit certain monetary benefits upon leaving the company" and competing with the company. *LKQ Corp. v. Rutledge*, 126 F.4th 1247, 1248 (7th Cir. 2025). They are "viewed as conditions precedent" to paying the former employee benefits. *LKQ Corp. v. Rutledge*, 337 A.3d 1215, 1221 (Del. 2024). Because these agreements are merely conditions precedent, they "are not enforceable through injunctive relief . . . ." *Id.* at 1222 (quotation omitted).

That common-law conditions-precedent concept translates to Louisiana's doctrine of conditional obligations. *See City of New Orleans v. Tex. & P. Ry. Co.*, 171 U.S. 312, 334 (1898) (equating the Civilian suspensive condition to "the condition precedent at common law."). "A conditional obligation is one dependent on an uncertain event." La. Civ. Code art. 1767.[3]

Here, the plain language of the Grant Notices confirms they represent only a conditional obligation by First Horizon. Under them, First Horizon promised to grant stock to Hoefer on the condition that Hoefer not, *inter alia*, solicit First Horizon employees for two years after the relevant award vested. *E.g.*, Doc. 1-1 at 1. And if Hoefer solicited First Horizon employees within that restriction period, then Hoefer agreed that he would forfeit his right to the stock that First Horizon had otherwise agreed to grant him. *See id.* At bottom, the Grant Notices envision just two scenarios: either (1) Hoefer refrains from soliciting First Horizon employees during the restriction period, and First Horizon grants him the stock; or (2) Hoefer solicits First Horizon employees during the restriction period, and First Horizon refrains from granting him stock. Nowhere in the Grant Notices is there support for a hypothetical third scenario in which Hoefer independently agrees to refrain from soliciting First Horizon employees on the pain of threatened injunctive relief.

Because the Grant Notices create only a conditional obligation, there is no basis to restrain Hoefer from doing anything, and no grounds for discovery—expedited or otherwise. As a matter of law, stock-forfeiture provisions like those in the Grant Notices are not enforceable via an injunction. *See LKQ Corp.*, 337 A.3d at 1222. That is because such provisions merely state the consequences of a course of conduct—here, forfeiture of stock First Horizon otherwise agreed to

---

[3]    Tennessee uses common-law terminology, but its law of conditions precedent is in accord with Louisiana's law of conditional obligations in respects relevant here. *E.g., Upperline Equip. Co. v. J & M, Inc.*, 724 F. Supp. 2d 883, 888–89 (E.D. Tenn. 2009) (outlining Tennessee law on conditions precedent). Because the laws of Tennessee and Louisiana are in accord on this issue, a full-blown conflict-of-laws analysis is unnecessary. *E.g., Blackmon v. Bracken Const. Co.*, No. 18-CV-142, 2018 WL 4387633, at *5–6 (M.D. La. Sept. 14, 2018) (Jackson, J.) (applying forum law when there was no conflict on the particular issue).

grant Hoefer. *E.g.*, *Fraser v. Nationwide Mut. Ins. Co.*, 334 F. Supp. 2d 755, 761 (E.D. Pa. 2004) (explaining that a forfeiture-for-competition provision does not "carr[y] the threat of injunction, but rather offers a monetary benefit upon compliance with its terms").

Related, First Horizon cannot show irreparable injury. First Horizon's own instruments—the Grant Notices—specify a remedy for nonfulfillment of the stock-grant conditions: Hoefer's forfeiture of the stock grants. *E.g.*, Doc. 1-1 at 1. Because the Grant Notices give First Horizon an "adequate remedy at law," First Horizon cannot show irreparable harm. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (citation omitted).

In sum, expedited discovery for a doomed preliminary injunction is unnecessary.

**B.** **Even if the Court disagrees on the nature of the Grant Notices, expedited discovery would not be needed.**

Even if the Court disagrees with Defendants and interprets the Grant Notices to create enforceable agreements not to solicit First Horizon employees, expedited discovery still would not be needed. Solely in that circumstance, Hoefer would stipulate that he will not solicit or encourage First Horizon employees to leave First Horizon during the restriction period(s) while reserving his right to appeal the Court's underlying ruling on the nature and legal effect of the Grant Notices.

DMMS, of course, would occupy a different position. It is not a party to any instrument containing any restriction, and there would be no basis to prohibit it from soliciting First Horizon employees without Hoefer's active involvement.

Again, expedited discovery is not needed. And although Hoefer denies that he violated the stock-forfeiture provisions of the Grant Notices in the past, that is not a question relevant to the motion for preliminary injunction, which seeks a purely prospective remedy. *See* Doc. 9 at 1.

## CONCLUSION

First Horizon fails to show good cause to support expedited discovery for at least four independent reasons. *First*, all of First Horizon's claims are due for Rule 12(b)(6) dismissal; expedited discovery on legally deficient claims would prove inefficient. *Second*, First Horizon has not attached or even fairly identified the discovery it seeks, and it is too late for it to try to do so for the first time in its reply brief. *Third*, expedited discovery is not needed given that First Horizon will not be able to obtain a preliminary injunction as a matter of law: The Grant Notices feature mere stock-forfeiture provisions that cannot establish irreparable harm or otherwise support a request for injunctive relief. *And finally*, even if the Court disagrees with all of Defendants' arguments, expedited discovery is not needed given Hoefer's willingness to stipulate that he will not solicit or encourage First Horizon employees to leave First Horizon during the restriction period(s) while reserving the right to appeal other aspects of the Court's ruling.

Respectfully submitted,

/s/ Thomas M. Flanagan
Thomas M. Flanagan, T.A. (#19569)
Anders F. Holmgren (#34597)
Alixe L. Duplechain (#39167)
Jordan B. Redmon (#37272)
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 3300
New Orleans Louisiana 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251
tflanagan@flanaganpartners.com
aholmgren@flanaganpartners.com
aduplechain@flanaganpartners.com
jredmon@flanaganpartners.com

*Attorneys for defendant, Karl Hoefer*

/s/Joelle F. Evans
Kyle Schonekas, T.A. (#11817)
Joelle F. Evans (#23730)
Andrea V. Timpa (#29455)
SCHONEKAS EVANS McGOEY &
McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: 504-680-6050
Facsimile: 504-680-6051
kyle@semmlaw.com
joelle@semmlaw.com
andrea@semmlaw.com

*Attorneys for defendant, DMMS Holdings, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 18, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/Thomas M. Flanagan*
THOMAS M. FLANAGAN