FIRST HORIZON CORPORATION

     Plaintiff         Civil Action No. 26-cv-00182-BAJ-EWD

versus              District Judge Brian A. Jackson

               Magistrate Judge Erin Wilder-Doomes

KARL HOEFER and DMMS HOLDINGS, LLC

      Defendants.

## FIRST HORIZON CORPORATION'S REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY AND MOTION FOR EXPEDITED CONSIDERATION

Plaintiff First Horizon Corporation ("Plaintiff" or "First Horizon") submits this reply in support of its Motion for Expedited Discovery and Motion for Expedited Consideration.

## I.   INTRODUCTION

The basic gist of the Defendants' argument in opposition to the request for expedited discovery is that they believe their motion to dismiss should and will be granted. But their argument is wrong for a number of reasons, even putting aside the faulty merits of their motion. First, their motion—while self-servingly styled generically as a motion to dismiss—is actually just a *partial* motion to dismiss. They have not actually sought dismissal of each and every claim in the complaint, which means the request for injunctive relief would remain pending even in the unlikely event the court granted their so-called motion to dismiss.

Second, attempting to litigate the merits of their motion to dismiss in response to a discovery motion (including asserting new arguments not even raised in their underlying motion) is grossly misplaced, particularly where the court has already set a timetable for briefing *and also simultaneously scheduled a hearing on the application for preliminary injunction for April 13.* Indeed, it seems rather awkward for Defendants to not only seek in a discovery ruling a prediction on the merits of a motion which is exclusively within the purview of the Court, but also

effectively seeking to undermine the Court's instructions to proceed in the manner in which it has already directed the parties to proceed. Respectfully, the parties are bound to follow the instructions *of the Court* and prepare accordingly for an actual hearing scheduled *by the Court,* unless and until *the Court* decides otherwise.

## II.  The Discovery Sought Pertains to the Upcoming Preliminary Injunction Hearing

In response to First Horizon's motion, Hoefer and DMMS contend that First Horizon fails to establish good cause for expedited discovery because (i) First Horizon's complaint is "doomed" to be dismissed on Defendants' 12(b)(6) motion; and (ii) First Horizon's request amounts to a "blank check" regarding discovery. For the reasons set forth below, those arguments have no merit.

### A.  Defendants' Pending Motion to Dismiss Has No Bearing on First Horizon's Motion for Expedited Discovery

Contrary to Defendants' assertion, their motion to dismiss does not serve to moot First Horizon's motion for expedited discovery for a myriad of reasons.

First, as noted above, Defendants' motion to dismiss is, in fact, a *partial* motion to dismiss, despite their attempt to couch it otherwise. As explained in Section II-A of First Horizon's Opposition, Defendants have not sought dismissal of First Horizon's underlying breach of contract claim (only the bad-faith element of the claim). *See* R. Doc. 15, at pp. 3-5. Thus, this lawsuit will proceed regardless of how this Court rules on Defendants' motion.

Second, and more importantly, what Defendants fail to appreciate is that this Court entered a scheduling order setting a hearing on First Horizon's application for preliminary injunction *while* their motion to dismiss was pending. Defendants' confidence in the merits of its (partial) motion to dismiss does not override this Court's directive as to how the case should proceed. This Court

has set a hearing for April 13, 2026, and both sides needs to prepare for it.  With the hearing being only three weeks away, First Horizon requires expedited discovery to do so.

### B. First Horizon Has Put Defendants and this Court on Notice of the Expedited Discovery It Needs to Prepare for the Preliminary Injunction Hearing

As set forth in its Motion, First Horizon seeks expedited discovery to understand the full scope of Hoefer's and DMMS's scheme and to develop a factual record needed in support of its application for preliminary injunction. In response, Hoefer and DMMS claim that because First Horizon did not "identify or serve" the putative discovery, it "makes it impossible – for both the Court and Defendants – to fairly evaluate whether the unidentified discovery would be 'narrowly tailored'." R. Doc. 13, at p. 4. They are wrong.

While First Horizon did not initially submit specific discovery requests in connection with this motion, neither the Federal Rules of Civil Procedure nor this Court's Local Rules mandate that the proposed discovery be submitted with the motion for expedited discovery.  Nor do the factors for good cause set forth in *ELargo Holdings, LLC v. Doe*, 318 F.R.D. 58, 61 (M.D. La. 2016) ( Wilder-Doomes, M.J.) include such a requirement.  As noted in *ELargo*, "The good cause analysis takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made." *Id.* at 61. "In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* (granting plaintiff's motion for expedited discovery).

In this case, First Horizon's Motion for Expedited Discovery makes clear the breadth and purpose of the expedited discovery sought.  First Horizon explained that the expedited discovery is needed to enable it to adequately prepare for the preliminary injunction hearing, which is a mere

three weeks away. Its Motion further described the narrowly tailored issues on which it would require discovery — Hoefer's and DMMS's scheme to evade Hoefer's non-solicitation obligations to First Horizon. While First Horizon had already discovered facts uncovering the scheme, First Horizon explained that the "entire scope of Defendants' unlawful and unethical acts cannot be assessed without formal discovery" and that the proposed expedited discovery is necessary to ensure that the injunctive relief sought "can be appropriately tailored". R. Doc. 10, at p. 7.

In an effort to evade pre-injunction-hearing discovery, Defendants seek to rely on *Alex A. ex rel. Smith v. Edwards*, No. 22-CV-573, 2022 WL 16556796, at *2 (M.D. La. 2022) for the proposition that a motion for expedited discovery must be denied where the actual discovery requests are not submitted with the motion. *Alex A.* does not, in fact, support that proposition.

*Alex A.* is vastly different from the case at bar, as the motion in *Alex A.* did not involve a request to conduct expedited discovery in advance of a preliminary injunction hearing, but in advance of the parties' Rule 26(f) conference. *Id.* In fact, by the time the plaintiff's motion for expedited discovery was filed in *Alex A.*, the parties, in preparation for a preliminary injunction hearing, had *already* conducted preliminary discovery, including limited depositions, written discovery, and expert discovery, which included the plaintiff's expert conducting a site inspection at a youth center at issue in that proceeding. The preliminary injunction was denied, and *only one day before* the scheduled Rule 26(f) conference, the plaintiff filed its motion seeking to serve an early Rule 34 request to permit a *second* site inspection. This Court denied the motion on the grounds that (i) it was moot, since the parties had their Rule 26(f) conference the day after plaintiff filed her motion; (ii) plaintiff did not satisfy the *ELargo* factors for good cause to have defendant respond on an expedited basis because the plaintiff had already conducted one site inspection; and (iii) to the extent the plaintiff's motion implicitly requested an open-ended second inspection, the

request failed to comply with Rule 34. *Id.* at p. 2. In contrast to *Alex A.*, First Horizon's request for preliminary injunction has yet to be decided, and no discovery has been completed (or even commenced) in preparation for the hearing on the same.

While no procedural rules required First Horizon to submit its proposed discovery requests with its Motion, to aid in the Court's review of this matter, First Horizon submits herewith discovery requests it anticipates propounding upon Hoefer and DMMS.[1] The information sought would be required of Hoefer and DMMS to submit in their Rule 26 initial disclosures, so that they should be preserving and gathering the requested information and documents anyway. Given that, Defendants cannot claim that they would suffer prejudice or undue burden as a result of such discovery. *See ELargo Holdings, LLC v. Doe*, 318 F.R.D. 58, 61 (M.D. La. 2016) ("[G]ood cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party.'") (internal citations omitted). The only other discovery First Horizon would need is to depose Hoefer, Tipton, and Byrd regarding the matters identified above and Brandon Boudreaux regarding the allegations in paragraph 51 of the Complaint concerning him. *See* R. Doc. 1, ¶ 51.

In summary of the foregoing, First Horizon's Complaint, Application for Preliminary Injunction, and Motion for Expedited discovery give Hoefer and DMMS fair notice of the discovery sought and its scope. While First Horizon will ultimately be able to pursue discovery, expedited discovery is needed now so that the parties can prepare for the upcoming preliminary injunction hearing.

III. **Defendants' Contentions that Hoefer's Grant Notices are Stock-Forfeiture Provisions Have Absolutely No Bearing Whatsoever on First Horizon's Motion for Expedited Discovery**

    A. **Hoefer's and DMMS's Attempt to Treat This Motion as a Supplemental Motion to Dismiss Cannot Overcome First Horizon's Motion for Expedited Discovery**

---

[1] Exhibit 1, First Horizon's Proposed Discovery Requests to Defendants Karl Hoefer and DMMS Holdings, LLC.

Hoefer and DMMS attempt to treat their opposition as a supplemental motion to dismiss, as they seek to raise new grounds for dismissal that they failed to raise in their pending Rule 12(b)(6) Motion to Dismiss. Respectfully, this Court should disregard Defendants' "stock forfeiture" argument, because it is both procedurally improper and has absolutely no bearing on First Horizon's Motion for Expedited Discovery. As already explained above, this Court set a preliminary injunction hearing for April 13, 2026, despite the fact that Defendants' (partial) motion to dismiss is pending. Belatedly throwing one more alleged basis for dismissal into its opposition to First Horizon's discovery motion will do Defendants no good, given that a hearing is already set on First Horizon's request for a preliminary injunction.

In any event, as set forth below, Defendants advocate a flawed legal argument based upon a misrepresentation of the Grant Notices and an application Delaware law rather than Louisiana law to those Grant Notices.

**B. Even If This Court Were to Consider Defendants' "Stock Forfeiture" Argument in Ruling on First Horizon's Motion, Hoefer's Grant Notices Do Not Create Conditional Obligations**

Even assuming that this Court is willing to consider Defendants' argument that the Grant Notices create only a conditional obligation, Defendants' argument must be rejected because they have misrepresented the Grant Notices, as well as mischaracterized the obligations created therein as conditional obligations subject to a suspensive condition.

In their opposition, and contrary to Hoefer's agreements with First Horizon, Hoefer and DMMS contend that First Horizon's obligation to grant Hoefer stock is contingent upon Hoefer not soliciting First Horizon employees. Suspensive conditions are terms that suspend a party's obligation until the occurrence of a condition. *La. C.C. art. 1767; Acadian Diagnostic Laboratories, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 411 (5th Cir. 2020). With

suspensive conditions, a party has no duty to perform its obligations until those conditions are met. *Id.*

Here, First Horizon was obligated to – and did – grant Hoefer stock even before Hoefer's restriction period had ended. The Grant Notices in Exhibits A and B to the Complaint (R. Docs. 1-1 and 1-2), provide that on April 27, 2021, Hoefer was "granted a long-term incentive ('LTI') unit award" and "a restricted stock unit ('RSU') award by First Horizon." These awards fully vested as of May 12, 2025 (R. Doc. 1, ¶¶23-24; R. Doc. 1-1, p.1; R. Doc. 1-2, p. 1). Pursuant to the grant notices, if Hoefer were to directly or indirectly solicit, hire or encourage any First Horizon employee to leave First Horizon during the restriction period, which begins on the Grant Date and ends two years after the Vesting Date, then he must repay to First Horizon the gross pre-tax value of the award. R. Doc. 1, ¶¶23-24; R. Doc. 1-1, p.1; R. Doc. 1-2, p. 1). In other words, Hoefer's not soliciting or recruiting First Horizon employees was <u>not</u> a condition precedent to First Horizon granting him the stock awards. Rather, Hoefer was granted those awards long before the restriction period ended. With Hoefer becoming vested in his stock awards in May 2025, Hoefer was required to refrain from soliciting First Horizon's employees until at least May of 2027. Accordingly, Hoefer and DMMS are completely wrong that the Grant Notices create conditional obligations and that First Horizon's relief is prospective only.

Moreover, Hoefer's and DMMS's other contention that the only remedy to which First Horizon is entitled is mere forfeiture of the stock likewise lacks merit. As fully set forth in First Horizon's opposition to Defendants' motion to dismiss, an obligor to a contract is liable for the damages caused by his failure to perform a conventional obligation, which include losses sustained by the obligee. *La. C.C. arts. 1994, 1995*. All damages foreseeable at the time the contract was made can be recovered, and an obligor in bad faith is liable for all unforeseeable damages directly

7

arising from his failure to perform. *La. C.C. arts. 1996, 1997.* While forfeiture in this case is an element of First Horizon's recovery, it is not the sole measure of First Horizon's damages for Hoefer's bad faith-breach of his non-solicitation obligations, or his violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), or his engaging in a conspiracy with DMMS to violate LUTPA.

**C.      The Court Should Reject Defendants' Application of Delaware Law**

As to Hoefer's and DMMS's other contention that stock forfeitures cannot be enforced by an injunction, again they are wrong. The Louisiana Civil Code divides conventional obligations into obligations to give and obligations to do or not to do. *La. C.C. art. 1756 ("*Performance [of an obligation] may consist of giving, doing, or not doing something.");  *FMC Corp. v. Cont'l Grain Co.*, 355 So. 2d 953, 957 (La. Ct. App. 1977).  Civil Code Article 1987 expressly provides that an "obligor may be restrained from doing anything in violation of an obligation not to do." Restrictive covenants have been recognized as obligations not to do that are enforceable by injunction. *See e.g. La. R.S. 23:921(H).*  Hoefer has violated an obligation not to do, and First Horizon is entitled to injunctive relief upon a showing of irreparable injury.

Hoefer and DMMS claim that forfeiture provisions cannot be enforced by an injunction, and they base their position on the application of Delaware law through the case of *LKQ Corp. v. Rutledge,* 337 A.3d 1215, (Del. 2024). Hoefer and DMMS are clearly grasping at straws. They have not provided any explanation as to why they believe Delaware law should apply to the Grant Notices at issue in this case. There is simply no legal basis for  Delaware law to apply to the Grant Notices in this case or Hoefer's employee non-solicitation covenants therein.[2] With Hoefer and DMMS not identifying any Louisiana court that has adopted the Delaware rule that forfeiture

---

[2] Louisiana law is the default in connection with First Horizon's claim for breach of contract.  Even so, the only other state whose law could apply is Tennessee law, as provided in the Grant Notices.

agreements cannot be enforced via an injunction, the *LKQ Corp.* case is wholly inapplicable to this case.

**IV.    Hoefer's "Stipulation" Does Not Resolve This Discovery Motion**

Defendants close their opposition with a conditional offer by Hoefer to stipulate that "he will not solicit or encourage First Horizon employees to leave First Horizon during the restriction period(s) while reserving his right to appeal the Court's underlying ruling on the nature and legal effect of the Grant Notices." R. Doc. 13, at p. 7. However, Hoefer's offer stops short of resolving the matter. First, Hoefer's offer is not fully clear. Notably, Hoefer's motion to dismiss did not present argument regarding his view of the Grant Notices as creating conditional obligations; yet, he is reserving the right to appeal a ruling against him on those grounds. While Hoefer may be treating this discovery motion as a motion to dismiss, the simple fact is that it is no such thing. The arguments Hoefer raised in his opposition were not presented in his motion to dismiss. There is nothing for Hoefer to appeal.

Second, First Horizon seeks an injunction not only of Hoefer's conduct, but on DMMS' conduct as well. First Horizon filed suit against DMMS because it conspired and acted in concert with Hoefer to breach his non-solicitation agreement. Because *both* Hoefer and DMMS have conspired to engage in tortious conduct, *see* R. Doc. 1 and R. Doc. 9, they *both* must be enjoined from continuing to do so. Indeed, DMMS must be enjoined from soliciting or encouraging First Horizon employees to leave First Horizon with the assistance of Hoefer or any other First Horizon employee who is under a non-solicitation obligation. In essence, any of the successes DMMS has enjoyed using Hoefer's assistance is now "fruit of the poisonous tree" that DMMS should not be permitted to utilize, as allowing so continues and builds upon the original unfair trade practices that spurred this action.

**V. Conclusion**

For all these reasons, First Horizon respectfully requests expedited consideration of this motion and requests the Court enter an order permitting the parties to engage in discovery for the purposes of preparing for the hearing on First Horizon's Application for Preliminary Injunction.

Respectfully submitted,

*/s/ Andrew J. Halverson*
Andrew J. Halverson, LA Bar No. 31184
Michael C. Ledet, LA Bar No. 40430
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
325 Settlers Trace Blvd., Suite 201
Lafayette, LA 70508
Telephone: (337) 769-6582
Facsimile: (337) 989-0441
Email: andrew.halverson@ogletreedeakins.com
michael.ledet@ogletreedeakins.com

***Attorneys for Plaintiff First Horizon Corporation***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing document has this date been served to all known counsel of record in this proceeding by:

( )    Hand Delivery         ( )    Prepaid U.S. Mail

( )    Facsimile         ( )    Federal Express

( )    E-Mail         ( X )    CM/ECF System

Lafayette, Louisiana, this 24th day of March, 2026.

*/s/ Andrew J. Halverson*
Andrew J. Halverson

11