UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FIRST HORIZON CORPORATION

                Plaintiff                        Civil Action No. 26-cv-00182-BAJ-EWD

versus                                       District Judge Brian A. Jackson

                                       Magistrate Judge Erin Wilder-Doomes

KARL HOEFER and DMMS HOLDINGS, LLC

                Defendants.

### PLAINTIFF FIRST HORIZON CORPORATION'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT DMMS HOLDINGS, LLC

Pursuant to Federal Rules of Civil Procedure 33 and 34, First Horizon Corporation requests that Defendant DMMS Holdings, LLC answer the below interrogatories fully and under oath, and produce the documents requested in the below requests for production to Plaintiff's counsel no later than 10 days after service of this request. If objection is made to any interrogatories or requests, the reasons therefore shall be stated. These discovery requests are continuing in nature. Defendant is requested to timely supplement its responses in accordance with the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

1. "Communicate" and "communication" shall mean every manner or means of disclosure or transfer or exchange of information whether orally, by document or otherwise, and whether face-to-face, in a meeting, by telephone or other electronic media, mail, personal delivery, or otherwise.

2. "Plaintiff" or "First Horizon" shall mean First Horizon Corporation, including its subsidiaries, and its agents, officers, employees, board members, representatives, attorneys, or anyone acting on its behalf.

3. "DMMS" shall mean DMMS Holdings, LLC, DMMS Management, LLC, DMMS Purchaser, Inc, M C Bancshares, Inc., M C Bank & Trust Company, any other existing or planned affiliated entities or subsidiaries, and their agents or owners.

1

EXHIBIT

1

4. "Person" shall mean and include natural persons, partnerships, corporations, and all other forms of organization or association.

5. The word "identify" when used herein in reference to a person shall mean to state the full name, current address, telephone number, and business affiliation of each person.

6. "Document," or any written or electronic variation thereof, is used in its broadest sense and shall mean any writing, drawing, graph, chart, photograph, tape, phono record, magnetic disc, floppy disc, compact disc, drive, website, email, text message, Facebook post, blog entry, podcast, Tweet, or other data compilation, whether printed in hard copy format or not, from which information can be obtained, translated, if necessary, through devices, into reasonably usable form, and includes, but is not limited to, correspondence, telegrams, cables, telex messages, memoranda, letters, notes, drafts, notations, emails, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, declarations, statements, sworn testimony, books, diaries, journal entries, calendars, day-timers, lists, tabulations, summaries, computer printouts, or any other items of a similar nature, including all originals, drafts, and non-identical copies.

7. The word "identify" or "identity" when used herein in reference to a document means to state:
   a. Its date;
   b. Its author;
   c. Its addressee;
   d. A description of its contents;
   e. The source of its contents;
   f. Type of document; and
   g. Its present location and the names of each of its present custodians.

8. In lieu of identifying particular documents, such documents may, at your option, be attached to the answers to these Interrogatories.

9. Whenever any of the following Interrogatories elicits a response that mentions a document or that you believe is supported by a document, please identify and attach a copy of such document.

10. The terms "relate to" or "relating to" are to be used in their broadest sense and shall mean to refer to, discuss, involve, reflect, deal with, consist of, represent, comprise, constitute, emanate from, be directed at, or in any way to pertain, in whole or in part, to the subject.

11. Separate answers should be accorded to each question. Answers to one Interrogatory or point thereof should not be joined together, accorded a common answer, or incorporated by reference.

12. For each Interrogatory, or part thereof, which you refuse to answer, the reason or reasons

2

for each refusal should be stated in detail.

13. The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa in order to give these requests the broadest scope.

14. If any Interrogatory or Request for Production of Documents herein cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a full answer is not possible.

15. If you assert any privilege to any Interrogatory or Request for Production of Documents, specifically identify the precise privilege being asserted pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, and for what purpose, and submit a privilege log of any documents being withheld from production.

16. The time period for the below interrogatories and requests for production is December 1, 2025, to the present, unless otherwise stated.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all employees, independent contractors, executives, officers, or other agents of DMMS who have authority to hire contractors or employees for DMMS.

### INTERROGATORY NO. 2:

Identify all employees or independent contractors of DMMS who were formerly employed by First Horizon.

### INTERROGATORY NO. 3:

Identify all individuals who, on behalf of DMMS, participated in any recruitment, interviews, or hiring decisions of, or communications with, any current or former employee of First Horizon with

regard to those current or former First Horizon employees leaving First Horizon to enter into a working relationship with DMMS.

**INTERROGATORY NO. 4:**

Identify all other individuals whom DMMS interviewed, recruited, solicited, or considered for employment in any of the positions filled by the former First Horizon employees identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 5:**

Identify any current or former employee of First Horizon who has declined an offer to work for DMMS.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce copies of the corporate organization documents of DMMS, including but not limited to any charter, operating agreements, bylaws, and/or employment agreements.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all employment contracts or agreements between (i) DMMS and (ii) all of the following:

- Daryl Byrd

- Mark Tipton

- Michael Brown

- Scott Price

- Karl Hoefer

- Any former First Horizon employee

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all contracts, agreements, or offer letters offered by DMMS to any First Horizon employee irrespective of whether the First Horizon employee entered into such contracts or agreements or accepted such offers.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all budget(s), pro forma(s), or other strategy documents, emails, spreadsheets, or memos relating in any manner to the potential hiring of any First Horizon employee by DMMS.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents and communications, including emails, text messages, and any other form of electronic message, that reflect any terms and conditions of contract or employment of any DMMS employee or contractor who is a former employee of First Horizon.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents and communications, including emails, text messages, and any other form of electronic message, between DMMS and any current or former employee of First Horizon regarding working for DMMS.

**REQUEST FOR PRODUCTION NO. 7:**

Produce phone call logs for all phone calls (whether answered or not) between DMMS and any First Horizon employee since December 1, 2025.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents that reflect amounts paid, by category (salary, bonuses, benefits, amenities, etc.) by DMMS to any former employee of First Horizon.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents and communications, including emails, text messages, and any other form of electronic message, that refer or relate to any current or former employee of First Horizon with regarding to their working or potentially working for DMMS.

**<u>REQUEST FOR PRODUCTION NO. 10:</u>**

Produce all documents and communications, including emails, text messages, and any other form of electronic message, that refer or relate to indemnity or indemnification of Hoefer or any other individuals working for, or recruited to work for, DMMS.

FIRST HORIZON CORPORATION

|  |  |
|---|---|
| Plaintiff | Civil Action No. 26-cv-00182-BAJ-EWD |
| versus | District Judge Brian A. Jackson |
|  | Magistrate Judge Erin Wilder-Doomes |
| KARL HOEFER and DMMS HOLDINGS, LLC |  |
| Defendants. |  |

### PLAINTIFF FIRST HORIZON CORPORATION'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT KARL HOEFER

Pursuant to Federal Rules of Civil Procedure 33 and 34, First Horizon Corporation requests that Defendant Karl Hoefer answer the below interrogatories fully and under oath, and produce the documents requested in the below requests for production to Plaintiff's counsel no later than 10 days after service of this request. If objection is made to any interrogatories or requests, the reasons therefore shall be stated. These discovery requests are continuing in nature. Defendant is requested to timely supplement its responses in accordance with the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

1. "You" or "your" shall mean Karl Hoefer, his agents, employees, representatives, attorneys, or anyone acting on his behalf or in concert with him.

2. "Communicate" and "communication" shall mean every manner or means of disclosure or transfer or exchange of information whether orally, by document or otherwise, and whether face-to-face, in a meeting, by telephone or other electronic media, mail, personal delivery, or otherwise.

3. "Plaintiff" or "First Horizon" shall mean First Horizon Corporation, including its subsidiaries, and its agents, officers, employees, board members, representatives, attorneys, or anyone acting on its behalf.

4. "Person" shall mean and include natural persons, partnerships, corporations, and all other forms of organization or association.

1

5. "DMMS" shall mean DMMS Holdings, LLC, DMMS Management, LLC, DMMS Purchaser, Inc, M C Bancshares, Inc., M C Bank & Trust Company, any other existing or planned affiliated entities or subsidiaries, and their agents or owners.

6. The word "identify" when used herein in reference to a person shall mean to state the full name, current address, telephone number, and business affiliation of each person.

7. "Document," or any written or electronic variation thereof, is used in its broadest sense and shall mean any writing, drawing, graph, chart, photograph, tape, phono record, magnetic disc, floppy disc, compact disc, drive, website, email, text message, Facebook post, blog entry, podcast, Tweet, or other data compilation, whether printed in hard copy format or not, from which information can be obtained, translated, if necessary, through devices, into reasonably usable form, and includes, but is not limited to, correspondence, telegrams, cables, telex messages, memoranda, letters, notes, drafts, notations, emails, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, declarations, statements, sworn testimony, books, diaries, journal entries, calendars, day-timers, lists, tabulations, summaries, computer printouts, or any other items of a similar nature, including all originals, drafts, and non-identical copies.

8. The word "identify" or "identity" when used herein in reference to a document means to state:
   a. Its date;
   b. Its author or authors;
   c. Its addressee;
   d. A description of its contents;
   e. The source of its contents;
   f. Type of document; and
   g. Its present location and the names of each of its present custodians.

9. Whenever any of the following Interrogatories elicits a response that mentions a document or that you believe is supported by a document, please identify and attach a copy of such document.

10. The terms "relate to" or "relating to" are to be used in their broadest sense and shall mean to refer to, discuss, involve, reflect, deal with, consist of, represent, comprise, constitute, emanate from, be directed at, or in any way to pertain, in whole or in part, to the subject.

11. Separate answers should be accorded to each question. Answers to one Interrogatory or point thereof should not be joined together, accorded a common answer, or incorporated by reference.

12. For each Interrogatory, or part thereof, which you refuse to answer, the reason or reasons for each refusal should be stated in detail.

13. The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa in order to give these requests the broadest scope.

14. If any Interrogatory or Request for Production of Documents herein cannot be answered in full, it shall be answered to the fullest extent possible with an explanation as to why a full answer is not possible.

15. If you assert any privilege to any Interrogatory or Request for Production of Documents, specifically identify the precise privilege being asserted pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, and for what purpose, and submit a privilege log of any documents being withheld from production.

16. The time period for the below interrogatories and requests for production is December 1, 2025, to the present, unless otherwise stated.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all DMMS employees, independent contractors, principals, or agents you communicated with about potentially working for DMMS as an employee or independent contractor.

### INTERROGATORY NO. 2:

Describe the terms of how you are paid by DMMS (e.g. base pay, commissions, bonuses, benefits, amenities, etc.).

### INTERROGATORY NO. 3:

State your title with DMMS and describe the duties of the position.

### INTERROGATORY NO. 4:

Identify all current or former employees of First Horizon that you have communicated with or attempted to communicate with regarding terminating their employment with First Horizon and/or a potential working relationship with DMMS, and state the means through which those communications occurred (e.g., email, phone call, text, etc.).

### INTERROGATORY NO. 5:

Identify the names and employers of any and all persons you have recruited or attempted to recruit to DMMS who were not, at the time they were recruited, First Horizon employees.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all contracts, agreements, offer letters, or other documents exchanged between you and DMMS that show the terms and conditions of your working relationship, including the terms of your compensation, with DMMS.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all employment contracts, employment agreements, or offer letters you communicated to any First Horizon employee(s) irrespective of whether the First Horizon employee(s) entered into such contracts or agreements or accepted such offers.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all text messages, emails, or other text-based communications by and between you and any First Horizon employee since December 30, 2025.

**REQUEST FOR PRODUCTION NO. 4:**

Produce phone call logs for all phone calls (whether answered or not) between you and any First Horizon employee since December 30, 2025.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all text messages, emails, or other text-based communications between or among you and Daryl Byrd, Mark Tipton, Michael Brown, Scott Price, and/or other DMMS principals relating to any First Horizon employee since the earlier of (i) December 30, 2025 or (ii) the date that you were first in contact with DMMS regarding entering into a working relationship with DMMS.

4

**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all communications, notes, memos, or other physical representations of thoughts or impressions regarding any First Horizon employee that you have shared with DMMS since the earlier of (i) December 30, 2025 or (ii) the date that you were first in contact with DMMS regarding entering into a working relationship with DMMS.

**REQUEST FOR PRODUCTION NO. 7:**

Produce any and all documents and communications of any kind by, between, and among you and DMMS, Daryl Byrd, Mark Tipton, Michael Brown, Scott Price, and/or other DMMS principals regarding your decision to join DMMS and any proposed or actual plans or strategies related to your potential role at DMMS.

**REQUEST FOR PRODUCTION NO. 8:**

Produce any and all documents and/or communications regarding or relating to:

(i)     Your resignation from First Horizon;

(ii)    Your decision to join DMMS;

(iii)   Any proposed or actual plans or strategies related to your potential role at DMMS; and

(iv)    any proposed or actual plans or strategies related to your communication with First Horizon employees regarding their leaving First Horizon to join DMMS.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents, electronically stored information, or tangible things supporting the statement in your attorney's February 6, 2026 letter to counsel for First Horizon that you have "not directly or indirectly solicited, hired, or encourages any person who is an employee of FHC to terminate their employment with FHC."

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents, electronically stored information, or tangible things supporting the statement in your attorney's February 6, 2026 letter to counsel for First Horizon that you have "no authority to hire contractors or employees for DMMS Holdings."